UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PEDRO SOTA SOSA,

      Petitioner,

v.
                                  Case No. 3:26-cv-51-MMH-LLL

WARDEN, BAKER CORRECTIONAL
INSTITUTE, et al.,

      Respondents.

_____

## ORDER

### I. Status

Petitioner Pedro Sota Sosa, an immigration detainee, filed a pro se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1; Petition) on January 20, 2026. Sosa is currently in the custody of U.S. Immigration and Customs Enforcement (ICE) at Baker Correctional Institute. Respondents filed a Response (Doc. 6; Response) and supplemental exhibits (Doc. 7). Based upon a review of the Petition and the Response, the Court finds that a reply is unnecessary and the Petition is due to be granted.

### II. Background

Sosa is a citizen of Cuba, who was admitted into the United States on July 3, 1977, as a lawful permanent resident. Doc. 6-1 at 1-2. Sosa is subject of

a 2002 final order of removal. See Doc. 6-3; see also Petition at 1-2; Doc. 7-2 at 2. He initially entered ICE custody on October 7, 2002, and was released on an Order of Supervision (OSUP) on April 1, 2003, after ICE was unable to remove him. See Doc. 7-2 at 2.

A Department of Homeland Security form dated July 13, 2025, details Sosa's criminal history, which includes various convictions in 1991, 1999, 2000, 2001, and 2010.[1] Doc. 6-1 at 2. On July 13, 2025, Sosa was arrested for contempt of court, which prompted ICE's most recent encounter with him. Id. ICE took custody of Sosa on July 14 or 16, 2025. See Petition at 4 (July 14, 2025); Doc. 7-2 at 2 (July 16, 2025). Sosa argues that he has been in ICE custody for over 180 days and his country of citizenship (Cuba) will not accept him. Petition at 6. He requests release from ICE custody and to be placed back on an OSUP. See id. at 7.

### III.   Analysis[2]

Following an order of removal, immigration detention is governed by 8 U.S.C. § 1231. See Johnson v. Guzman Chavez, 594 U.S. 523, 543-44 (2021)

---

[1] The convictions are listed as: aggravated assault-weapon; disorderly conduct; resisting officer; larceny; aggravated assault-police officer-strongarm; assault; and contempt of court. Doc. 6-1 at 2.

[2] To the extent Respondents argue that this Court lacks jurisdiction to consider Sosa's Zadvydas claim, see Response at 3 n.2 ("AUSA Albritton is making this argument solely to preserve the record."), such argument has no merit. Notably, Respondents make inconsistent statements in the Response. Immediately before the

2

("And § 1231 explains what to do if the alien is ordered removed."); see also

Deshati v. Noem, No. 25-cv-15940-ESK, 2025 WL 3204227, at *2 (D.N.J. Nov.

17, 2025)[3] ("The statute governing post-final order of removal immigration

detention is 8 U.S.C. § 1231."). Pursuant to 8 U.S.C. § 1231(a)(1)(A), "when an

alien is ordered removed, the Attorney General shall remove the alien from the

United States within a period of 90 days." Detention during the removal period

is mandatory. 8 U.S.C. § 1231(a)(2).

Nevertheless, in Zadvydas, 533 U.S. at 690, the Supreme Court held that

indefinite detention of aliens raises serious constitutional concerns. Once an

order of removal is final, ICE should make every effort to remove the alien

within a reasonable time. Id. at 701. The government may detain an alien

beyond the statutory removal period if he is, among other things, a criminal

---

jurisdictional arguments, Respondents state: "The period of Soto Sosa's detention is
outside the presumptively reasonable limits established in Zadvydas, so ICE must
show that there is [a significant likelihood of removal in the reasonably foreseeable
future]." Id. at 3. Within their jurisdictional arguments, Respondents state: "He is
well within the presumptively reasonable period of detention (as detailed below)." Id.
at 4. Then in the substantive discussion, Respondents recognize that "Sota Sosa has
been in custody for 226 or 224 days. This is over the 180-day limit as set forth in in
[sic] Zadvydas." Id. at 7-8. While Respondents are free to make arguments to preserve
any right to appeal, they should ensure their representations are legally and factually
accurate.

[3] The Court notes that although decisions of other district courts are not
binding, they may be cited as persuasive authority. See Stone v. First Union Corp.,
371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would
not be bound to follow any other district court's determination, the decision would
have significant persuasive effects.").

alien or the Attorney General has determined the alien is a risk to the community or unlikely to comply with the order of removal. 8 U.S.C. § 1231(a)(6). The Supreme Court in Zadvydas held that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. Id. "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter." Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed and the alien "'provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,'" the burden then shifts to the government to provide evidence sufficient to rebut that showing. Id. at 1052 (quoting Zadvydas, 533 U.S. at 701). Thus, "in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Id. If an alien makes these showings, then the burden shifts to the government to rebut the presumption with sufficient evidence establishing that there is a significant likelihood of removal in the reasonably foreseeable future. Zadvydas, 533 U.S. at 701.

Here, Sosa was taken into ICE custody on July 14 or 16, 2025, and he filed this case more than 180 days later on January 20, 2026. Respondents

concede that Sosa had been in ICE custody longer than 180 days when he filed this case. See Response at 7-8. Thus, the Court must consider whether Sosa has "provide[d] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Akinwale, 287 F.3d at 1052. In the Petition, Sosa asserts that despite being ordered removed in 2002, ICE has been unable to remove him because Cuba will not accept him, and he was on an OSUP for over twenty years "without any problems." See Petition at 6. Now, he has been detained for more than six months, and ICE still has been unable to remove him.

Given the record, the Court finds that Sosa has provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. Thus, the burden shifts to Respondents to "respond with evidence sufficient to rebut [Sosa's] showing." Akinwale, 287 F.3d at 1052. As explained below, Respondents fail to do so.

Respondents submit the Declaration of Deportation Officer J.L. Marquez-Reyes (Doc. 7-2) to support their representation that "ICE believes there is a significant likelihood of removal in the reasonably foreseeable future [] because . . . [Sosa] will be removed to Mexico on a charter flight." Response at 2. Officer Marquez-Reyes avers that ICE revoked Sosa's OSUP because "he has violated the conditions of his OSUP and there is a significant likelihood

5

that he may be removed in the reasonably foreseeable future." Doc. 7-2 at 2.[4] According to Marquez-Reyes, "ICE intends to remove [Sosa] to Mexico." Id. On September 17, 2025, ICE attempted to remove Sosa to Mexico "at the San Ysidro Port of Entry," but Sosa "failed to comply with removal efforts," and was transferred back to Baker Correctional Institute. Id. "Now [Sosa] will be removed to Mexico using a charter flight." Id. Marquez-Reyes explains the following procedure:

> [Sosa] will receive a Notice of Removal to Mexico 24 hours prior to his transfer to the relevant field office.
>
> The receiving [Enforcement and Removal Operations] field office will then notify Mexico's Instituto Nacional de Migración (INM) of [Sosa's] upcoming removal to Mexico.
>
> Following INM's final acceptance, he will immediately be transported to the Customs and Border Patrol corresponding port of entry for removal to Mexico.
>
> Each ICE field office along the southwest border that processes third-country removals to Mexico removes a varying amount each week. Removals take place from each corresponding office from once a week to several times a week.

Id. at 2-3. Marquez-Reyes concludes that "ICE determines there is a significant likelihood of removal in the reasonably foreseeable future." Id. at 3.

---

[4] ICE failed to provide Sosa with a Notice of Revocation of Release of his OSUP until February 25, 2026. See Doc. 7-1.

Upon review, the Court finds that Respondents have failed to meet their burden of showing a significant likelihood of removal in the reasonably foreseeable future. ICE initially attempted to remove Sosa to Mexico in September 2025, but Sosa allegedly failed to comply with removal efforts[5] and thus ICE could not remove him. For the five months that have since passed, ICE apparently has been unable to arrange a charter flight to Mexico despite advising that flights occur at least once a week from each field office. While Officer Marquez-Reyes describes the general process for third-country removals to Mexico, there is no specific timeline provided for Sosa's alleged-impending removal. Further, Officer Marquez-Reyes's Declaration fails to provide any information about whether Mexico will provide "final acceptance" of Sosa. Doc. 7-2 at 3 ("Following INM's final acceptance . . . ."). Sosa has now been in ICE custody for over seven months with ICE being unable to remove him or otherwise provide more specific details on when he will be removed to Mexico.

Based on the evidence presented, the Court finds Respondents have failed to show a significant likelihood that Sosa will be removed in the reasonably foreseeable future. Therefore, Sosa is entitled to release from detention under Zadvydas. Accordingly, it is

---

[5] There is no indication of how Sosa failed to comply with removal efforts.

**ORDERED**:

1.     Sosa's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** on his <u>Zadvydas</u> claim. Respondents shall release Sosa **within 24 hours** of this Order.

2.     The **Clerk of Court** is directed to enter judgment granting the Petition on the <u>Zadvydas</u> claim, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 3rd day of March, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

JAX-3 2/27
c:
Counsel of Record

8